Fran and Diane's, LLC (F & D) operated a restaurant out of a building that was purchased by 331 Lafayette, LLC (Lafayette). Disputes arose as to whether F & D was a tenant under an enforceable lease or whether F & D was a tenant at will. Litigation ensued between F & D and both Lafayette and its predecessor in title, Lee Family Enterprises, LLC (Lee). A summary process action resulted in a District Court judgment rejecting F & D's claim to be a tenant under an enforceable lease and granting possession to Lafayette. That decision was appealed to the Appellate Division of the District Court which ultimately reversed and remanded for a trial on the issue of whether Lafayette's predecessor had waived the formalities associated with extending the lease. Meanwhile, F & D commenced this action in the Superior Court alleging breach of contract, among other claims, against Lafayette and Lee. During the course of the litigation, F & D filed an ex parte motion for a memorandum of lis pendens, which was allowed. Thereafter, Lafayette filed a special motion to dismiss the complaint pursuant to G. L. c. 184, § 15, to dissolve the memorandum of lis pendens, and to impose sanctions. This appeal flows from the denial of that motion.
The parties have apprised us that the Superior Court litigation and appeals from the summary process action in the District Court continued and many issues have been resolved, rendering most of Lafayette's appeal moot. Indeed, F & D voluntarily removed the lis pendens, and it is no longer an issue. At oral argument, Lafayette asserted that the only live issue before this court is its appeal from the denial of its request for sanctions for alleged misstatements made in F & D's ex parte motion for a lis pendens. Accordingly, we confine our discussion to that narrow issue.
Pursuant to G. L. c. 231, § 6F, the court shall award reasonable counsel fees and other costs incurred in defending a claim that the judge has specifically found was "wholly insubstantial, frivolous and not advanced in good faith." Here, of course, the Superior Court judge denied the special motion to dismiss and also indicated she would dissolve the lis pendens only if Lafayette otherwise protected F & D by providing a bond in the amount of $750,000. Clearly, the judge determined that the memorandum of lis pendens or equivalent security for F & D was warranted, and the motion was not wholly insubstantial, frivolous, or advanced in bad faith. To the extent Lafayette argues that the motion did not need to be brought ex parte, it cites no authority to support imposing sanctions for that reason alone.
The decision whether to impose sanctions pursuant to Mass.R.Civ.P. 11, as amended, 456 Mass. 1401 (2010), is within the sound discretion of the judge, and we review for abuse of that discretion. Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 650-651 (2010). In support of its motion, Lafayette asserted that in pursuing an ex parte motion for a memorandum of lis pendens, F & D falsely represented to the judge that Lafayette planned to transfer the property at issue. Lafayette, however, points to no affidavit or other evidence demonstrating that F & D's assertion was false. It relies only on counsel's assertions extrapolating knowledge it asserts counsel for F & D should have acquired from its representation of another client.[2] We discern no abuse of discretion in the judge's rejection of this argument.
Lafayette also points to the fact that the judge found at the hearing that F & D should have told the judge at the ex parte hearing that the District Court judge had granted possession to Lafayette, that the failure to do so was a material omission, and that it was improper. It contends for that reason, the judge should have imposed sanctions. We note, however, that the transcript reflects that the judge also noted that counsel for Lafayette had failed to inform the District Court judge that the Superior Court had issued a lis pendens before obtaining an execution from the District Court. While bad behavior on both sides does not excuse material omissions, it does explain the judge's exercise of discretion in declining to sanction counsel. Moreover, the judge conducted an evidentiary hearing and was satisfied that the District Court judge's decision likely would be overturned. The judge reasonably could have concluded that the attorney's omission turned out to have no material impact on the decision to issue the ex parte order. In these circumstance, we cannot say the judge abused her considerable discretion in declining to impose sanctions. Strikingly, Lafayette cites no authority for the imposition of sanctions on facts such as these.
So much of the order dated December 1, 2016, as denies the request for sanctions is affirmed. The remaining aspects of the appeal from that order are dismissed as moot.

The record suggests the property was to be refinanced, which could have affected the priority of any judgment granted to F & D.